## Babcock et al. versus Stewart.

1. An incoming partner is not liable on the contracts of the firm made before he became a member.

2. Those who have sold goods or done work on the credit of the original partners, having no lien, have parted with all their interest in the effects, and can look only personally to those with whom they have contracted.

3. The ground of liability of one partner for the acts of the others, is that of an implied general agency within the scope of the partnership.

March 23d 1868. Before STRONG, READ, AGNEW and SHARSWOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Warren county :* of January Term 1868, No. 233.

[Babcock *v.* Stewart.]

This was an action of assumpsit, brought February 22d 1867, by Daniel Stewart against W. P. Shaw, Irvine Eddy, James McGee, Henri Hall, Barber Babcock and J. R. Robertson, who survived Sherman Garfield, doing business as Babcock, Hall & Co.

In the early part of 1865, Shaw and Hall purchased an interest in an oil lease; shortly afterwards Eddy and McGee became jointly interested with them, and they all agreed with Babcock to oversee the business, he to have a joint interest in consideration of taking charge of the work. In prosecuting the work, Babcock, on the 1st of August 1865, hired Stewart at $3 per day to work at sinking a well on the premises of the five, who were then partners. Stewart worked 88 days in pursuance of his contract. After Babcock had been taken into the concern, and after the contract with Stewart, Robertson and Garfield purchased interests in the concern, and became joint owners with the other five. This suit was brought by the plaintiff against all the joint owners in the form above stated to recover his wages.

The defendants asked the court to charge:—

"That if some of the joint owners sold their respective interests or portions thereof to other parties after the arrangement was made by Babcock to sink the wells, and before plaintiff commenced work on the 1st of August 1865, there is no authority in Babcock to contract for those who purchased their interests after the contract with Babcock was made."

The court (Vincent, A. J.) answered: "We affirm this in part, with an explanation. Babcock could not bind one who was not a joint owner when the plaintiff began work, nor afterwards, but he could bind those who came in while the work was being performed, or who had only parted with a portion of his interest before it began, or during its progress. The manner in which oil interests were sold, divided and subdivided, while work was going on, would render it impossible for a creditor to collect his debt if he was compelled to begin a new account with every change of ownership made while his work was being done or his account against the company being contracted."

The verdict was for the plaintiff for $296.12.

The defendants took a writ of error, and assigned for error the answer to their point.

*R. Brown*, for plaintiffs in error, cited, 1 Chitty's Pl. 34, 36; 2 Tr. & Haly's Pr. 105, ed. 1837.

*W. D. Brown*, for defendant in error.

The opinion of the court was delivered, March 30th 1868, by SHARSWOOD, J.—Nothing is better settled than that an incom-

ing partner is not liable on the contracts and engagements of the firm entered into before he became a member of it: Collyer on Partnership, § 520. The plaintiff in error was therefore entitled to have his second point affirmed. The court below did affirm it, but accompanied the affirmance with an explanation, which entirely destroyed its effect. They said: "Babcock could not bind one who was not a joint owner when the plaintiff began work or afterwards, but he could bind those who came in while the work was being performed, or who had only parted with a portion of his interest before it began or during its progress." From what follows we may conclude that the court considered that owing to the manner in which oil interests were sold, divided and subdivided, while work was going on, a different rule was applicable to partnerships in that region. In this there was error. As was said by Lord Kenyon in Shirreff v. Wilks, 1 East 48, "It is hard enough for one partner in any case to be able to bind another without his knowledge or consent; but it would be carrying the liability of partners, for each other's acts, to a most unjust extent, if we suffered a new partner to be bound in this manner for an old debt incurred by other persons." When a man purchases an interest in a firm, he can inform himself as to what are its assets and the then condition of its works. He is not bound to inquire whether all its property in possession has been paid for. Those who have sold or delivered goods, or done work on the credit of the original partners, having by law no lien, have parted with all their interest in the effects, and can look only personally to those with whom they have contracted. The credit of the new member of the firm did not enter into their consideration in making the contract, and it would be manifestly unjust to hold him liable to them. The ground of liability of one partner for the acts of the others, is that of an implied general agency within the scope of the partnership. The law of partnership is but a branch of the law of principal and agent. As was said by Lord Cranworth in Cox v. Hickman, 8 H. L. Cas. 268: "The real ground of liability (as a partner) is that the trade has been carried on by persons acting on his behalf (that is of the person sought to be made liable), so that he would stand in the relation of principal towards the persons acting ostensibly as the traders, by whom the liabilities have been incurred, and under whose management the profits have been made:" Bullen v. Sharp, 1 Law Rep. C. P. 86; Feigley v. Sponeberger, 5 W. & S. 564. If, therefore, any one of the defendants was not a member of the firm when the contract was made, it is evident this ground of liability does not exist. There can be no pretence or implication that the contracting party was then his agent.

Had the explanation of the court below been that for whatever work was done by the plaintiff after the new partnership had been

formed, though under the old contract, the benefit of which had been received and enjoyed by the new firm, he could recover on the *quantum meruit* count in the declaration, it would have been entirely unexceptionable; but under the instruction as given to the jury in the answer, they may have included we know not how much for work previously done.

Judgment reversed, and *venire facias de novo* awarded.