## Shamburg *versus* Ruggles.

1. The members of a firm doing a banking business under the name of "The Citizens' Bank," are not dormant partners, and are all individually liable for the debts of the firm; and a member of such a partnership, upon withdrawing from it, must give notice of his withdrawal as in the case of ordinary partnerships; otherwise he remains liable for the subsequent debts of the firm.

2. A new partner entering a firm is not liable for the antecedent debts of the firm, unless he has agreed to assume them.

3. Where S. joined an association doing a banking business as "The Citizen's Bank" some months after it was formed, and became a director in it, and when he withdrew, in December 1872, no notice was given of his withdrawal, but, on the contrary, his connection with the bank as a director continued to be advertised, though against his wishes, till June 1873: *Held,* that he was liable for a deposit made in January 1873, although the depositor had never known that he had been a member of the firm: *Held,* in the absence of any evidence that he assumed the debt, that he was not liable for a deposit made before he became a partner, and that the payment of interest on such deposit while S. was a partner, even with his knowledge, was not, of itself, enough to show that he had assumed the antecedent debts of the firm.

November 20th 1876.     Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.     WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1876, No. 12.

Assumpsit by B. F. Ruggles, to the use of H. N. Hall, against Garson Shamburg and others, associated and doing a banking business as "The Citizens' Bank," to recover the amount of two deposits alleged to have been made by him with the defendants. Shamburg (who alone took this writ of error) pleaded non-assumpsit and that he was not a partner with the other defendants, as to the subject-matter of this action.     At the trial, before Lowrie, P. J., these facts appeared:—

In September 1870 certain persons associated themselves together as a species of joint-stock association to do a banking business as "The Citizens' Bank."     In June 1871 the defendant, Shamburg, became a member of the association and continued to be so until December 1872.     He was a director of the bank during a part of 1872 and was so advertised in the local newspapers from early in 1872 until June 1873, some months after he had withdrawn.     There was evidence tending to show that early in the spring of 1873 he had required that his name should be withdrawn from the advertisement.

Ruggles made his first deposit (of $700) in January 1871 (before Shamburg became a partner), and his second in January 1873 (after Shamburg ceased to be a partner).     Interest was paid to him on the first deposit on January 19th 1872, and on January 4th and October 4th 1873, and on the second deposit, on October 4th 1873. There was no evidence as to whether this interest was paid with Shamburg's knowledge and consent.     There was nothing else to show an arrangement upon Shamburg's part to assume the debts

[Shamburg v. Ruggles.]

of the firm due when he joined it.   Ruggles testified that he did
not inquire and did not know who the partners were.   The record
did not bring up the articles of partnership.

The court refused the defendant's points (which need not be given
here), and charged the jury as follows: "It seems fair to infer
that these defendants, buying stock in the bank as it stood, without
any separation of past from future effects and liabilities, and contin-
uation of the business without any discrimination between past or
future profits, and paying (it may be presumed) debts and depositors
and interest on this very claim: it is fair to imply that they assumed
the payment of the $700.  · The other, if made while Shamburg was
still published as a partner, must be considered as a debt contracted
by him."

There was a verdict for the plaintiff for $1079.   After judgment
thereon, Shamburg took this writ of error, assigning as error the
refusal of the defendant's points and the above charge.

*Roger Sherman*, for the plaintiff in error.—As Shamburg was
not a partner when the first deposit was made, it must be shown,
in order to charge him, that he expressly assumed the prior indebt-
edness of the firm.   There is no presumption that he did so,
especially in the case of an unknown partner: Babcock *v.* Stewart,·
8 P. F. Smith 179; Coll. on Part., §§ 521, 524; Story on Part.,
§§ 152, 153, 159; and the payment of interest alone is not enough
to render him liable: Kirwan *v.* Kirwan, 2 C. & M. 617; Ex parte
Peele, 6 Ves. 602.

As to the second deposit the plaintiff never knew that Shamburg
was a partner and the name "The Citizens' Bank," disclosed no
liability on his part; Shamburg was, therefore, as to the plaintiff, a
dormant partner, and notice of his retirement was unnecessary:
Story on Part., § 159; Coll. on Part., § 120; Armstrong *v.* Hussey,
12 S. & R. 315.   Deford *v.* Reynolds, 12 Casey 325, does not rule
this case, for there the firm name was "M. & Company," and it
was held that this was notice to all the world that there was some
one besides M. in the firm, and that this was inconsistent with the
idea of such a person being a dormant partner.   In that case STRONG,
J., approves Mitchell *v.* Dall, 2 Har. & G. 172, where it is said that
"every partner is dormant unless his name appear in the firm or is
embraced under general terms, as the name of one of the firm and
company."   Therefore if the firm name gives no information as to
those who compose the firm, credit is given to the partnership and
not to the individuals who compose it.   It follows that where one
is not actually a partner and was not known as such, there is no
reason for making him pay the debts of others; Waugh *v.* Carver,
1 Sm. Lead. Cas. 1289; Bowie *v.* Maddox, 29 Ga. 285; Carter *v.*
Whalley, 1 B. & Ad. 11; Dickinson *v.* Valpy, 10 B. & C. 140.

The unauthorized publication of Shamburg's name as a director

[Shamburg *v.* Ruggles.]

cannot render him liable as a partner : Newsome *v.* Coles, 2 Campb. 617 ; Alderson *v.* Pope, 1 Id. 404.

Even if the firm title had given his name or he had been published as a partner, it would merely have raised a presumption that Ruggles knew that he was a partner and gave him credit; such a presumption may be rebutted by evidence (1 Gr. Ev., § 33), as was done in this case by Ruggles's own testimony.

*J. A. Neill, S. T. Neill* and *J. B. Brawley*, for the defendant in error.—The payment of interest on a debt or the knowledge that the new firm paid interest would warrant a jury in finding an assumption of the debt : Pars. Part. 433 ; Story Part., § 152. Kirwan *v.* Kirwan was an action against the old firm ; the liability of a new partner was not decided. The court was clearly right in telling the jury that they might find from the evidence that Shamburg had assumed the deposit of $700 : Pars. Part. 435–6 ; Ex parte Jackson, 1 Ves. Jr. 131. Where one buys shares in a joint stock concern, generally speaking, he takes them with all their liabilities : Add. on Con. 1328 ; 1 Pars. Con. 144.

The defendant, Shamburg, seeks to limit his liability, and restrict it to the actual liabilities or debts incurred while he was the owner of his stock. This is contrary to the rule governing a stockholder's liability, whether he be an original stockholder, or became one by purchase. The true rule is stated by Judge Drummond in National Park Bank *v.* Nichols *et al.*, 2 Bissell Rep. 146, that such stockholders, in legal effect, become partners by relation to the date of the articles of association.

As to the last deposit : It is clear that Shamburg was not a dormant partner ; else all were dormant partners. This case does not fall within any of the definitions : Story Part., § 80 ; Deford *v.* Reynolds, 12 Casey 325 ; Jones *v.* Fegely, 4 Phila. 1. Ruggles was not bound to show that he knew that Shamburg was a partner at the time he made his second deposit : Walkinson *v.* Bank of Penna., 4 Whart. 482. Deford *v.* Reynolds rules this case.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1877.

A dormant partner is one who is unknown, as such, to those doing business with the firm ; hence he is one who lends no credit to the partnership. If A., B. and C. enter into articles of association and agree that the business shall be conducted by A., and in his name alone; B. and C. in such case, are dormant partners, and though liable for the debts and obligations of the firm during its continuance, are not so liable for debts contracted after its dissolution, although notice of such dissolution may not have been given to the public, or those previously dealing with it ; for, it is to be presumed, that credit was given upon the responsibility of A. alone

[Shamburg v. Ruggles.]

and not upon that of B. and C. If, however, the business be conducted in the name of A. and Co., a different presumption arises, for then it is supposed that credit is given not to A. alone, but to all those composing the company; in other words, to the firm and not to any one individual of it. In such case, if B. and C. retire, notice must be given to those dealing with the firm, or he will continue to be liable for the debts thereof, subsequently contracted with former creditors, who may be ignorant of the dissolution : Deford & Co. v. Reynolds, 12 Casey 325. STRONG, J., in this case, remarks : " The only object which such an one can have, in remaining dormant or secret, is, that credit may be given to the ostensible partners alone, and not to him. With such a purpose or object, doing business under the name of one partner and 'company' is inconsistent. It can be nothing less than an invitation to the public to give credit to more than the single partner named."

Shamburg and his co-partners did business under the name of "The Citizens' Bank," and surely it would be understood that credit given to it would not be given to a mere name, but to the persons who formed the association. If Shamburg was a dormant partner so were all his associates, for they were like himself, but shareholders of the stock of this partnership; hence, if the argument set up for him be correct, it will apply equally to every member of this banking association, and we shall have the anomaly of a partnership composed wholly of irresponsible members. As this cannot be, we must take it, that all those who were engaged in the banking business, under the name of The Citizens' Bank, were equally responsible for the obligation of the firm. Under this view of the case, Shamburg would be liable for the deposits of Ruggles, on the 4th of January 1873, though, at the time, he was not a member of the firm; for, not only had Ruggles no notice of the withdrawal of Shamburg, but his name continued to appear as one of the directors of the bank. We consider the instructions of the court below, on this branch of the case, as unexceptionable.

On the other point, however, we cannot see where the evidence was found to bind Shamburg for the deposit of January 19th 1871 ; for as we have not the articles of association before us, we must deal with this as an ordinary partnership, and in such case the defendant would not be liable for a debt contracted before he became a member of the firm. As was said, by Justice SHARSWOOD, in the case of Babcock v. Stewart, 8 P. F. Smith 179, " The credit of the new member of the firm did not enter into the consideration of those contracting with the original partners and it would be manifestly unjust to hold him liable to them." The evidence produced to fasten this debt upon Shamburg is as follows : the certificate of deposit of the 19th of January 1871 ; endorsed, " Int. paid to Jan. 19th 1872. Int. paid to Jan. 4th 1873. Int. paid to Oct. 4th 1873,"—that Shamburg became a stockholder by purchase, in May or June 1871, and that he sold his stock in Decem-

[Shamburg *v.* Ruggles.]

ber 1872, that he was a director of the bank during the year 1872, and that this fact was advertised from February 16th 1872 until June 5th 1873. But in this there is no evidence of the assumption of this debt by Shamburg. Suppose the case to be as the learned judge puts it to the jury; that there was no separation of past from future effects and liabilities, and a continuance of business without discrimination between past and future profits; may not all this be predicated of any partnership? Yet, ordinarily, such a state of facts would not make the incoming partner liable for the debts of the firm. As was held in the case above cited, he was not bound to inquire whether all the property in the possession of the firm had been paid for. Those who sold or delivered goods, or did work on the credit of the original partners, having by law no lien, parted with all their interest in the effects, and could only look personally to those with whom they contracted. But we apprehend that a debt, originating in a contract for the deposit or loan of money, is of no higher grade than one arising from the sale of goods, and there is, therefore, nothing to exempt it from the general rule. It is true the payment of interest, on this deposit, if made with Shamburg's knowledge and assent, may have been some evidence of an assumption, but even this would amount to so little, that, without something else of a more definite character, it ought not to be submitted as the ground of a verdict; for, from the very nature of the association, if it were to continue the business of banking, Shamburg could not prevent it paying interest on its former deposits. We must also recollect that this was not a new firm, but the old firm with a new member, and that it must needs, as long as it was solvent, go on paying off its old liabilities until they were extinguished; and I cannot see how the fact that it did so, could make the new partner liable for debts, not contracted on his credit, and which he never assumed to pay.

Judgment reversed and a *venire facias de novo* awarded.

AGNEW, C. J., doubts.