Samuel Ash v. Jesse E. Werner, W. Harris Seltzer and Susan S. Seltzer, alleged copartners, trading as J. E. Werner & Son, and also as Werner & Seltzer, the said W. Harris Seltzer and Susan S. Seltzer being appellants.

*Partnership—Liability of incoming partners for debts.*

A partner who enters a firm already established does not thereby become liable for the debts of the old firm. Nothing but express agreement will render him so liable.

*Partnership—Implied liability for debt.*

Liability for the debts of another must be determined by evidence better than that of implication. Two firms had certain partners in common and a partner of the second firm was manager for both; payment by the manager of a sum of money without designating to which of the firm accounts it should be credited does not fix liability on the new firm for the debt of the old.

Argued Oct. 5, 1899. Appeal, No. 20, Oct. T., 1899, by W. Harris Seltzer and Susan S. Seltzer, from judgment of

C. P. No. 3, Phila. Co., June T., 1898, No. 668, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ. Reversed. Opinion by W. W. PORTER, J.

Assumpsit. Before FINLETTER, P. J.

It appears from the evidence that plaintiff brought an action against the defendants as alleged copartners, trading as J. E. Werner & Son, and also as Werner & Seltzer. It appears that plaintiff had done hauling for the firm of Werner & Son; that subsequently the firm of Werner & Seltzer was formed and the plaintiff sought to charge the Seltzers, on the ground of an implied assumption by them of the debt of the former firm, after the formation of the succeeding or subsequent firm known as Werner & Seltzer.

At the trial defendants submitted the following point:

[Under all the evidence the verdict should be for the defendants, W. Harris Seltzer and Susan S. Seltzer, and the jury are so instructed. *Answer:* Refused.] [4]

The court charged the jury, inter alia, as follows:

[The more important part of this case, perhaps, is the question whether the new firm is to be made responsible for the debt of the old firm. As a general rule, or as a general principle, a new firm is not entitled as a firm to pay the debts of an old firm, although the old firm are the component parts of the new firm and the new copartnership. There must be some evidence to show that the new firm, and especially the new partners coming into the firm, had knowledge of the fact that it was the duty of the new firm to pay the old firm's debts. It may very well be that it is to the interest of a new firm to wipe out the debts of the old firm, and have matters go on thereafter as against the new firm. The plaintiff contends that the new firm, represented by the new partner, overpaid his bill; that one bill was due, and he was paid exactly that amount; then followed one or more bills on which he was paid more than their amount. There has been no explanation of that, and that is a fact from which you may or may not infer that the new firm had assumed the responsibilities of the old firm. If you come to that conclusion—that it did so assume the responsibil-

ities of the old firm—of course your verdict ought to be for the plaintiff.] [1]   [In all matters of this kind you are to consider all the evidence and arrive at a fair conclusion from the evidence.   If you find, first, that Mr. Seltzer was a partner and held himself out to the world at large as a partner, then you must decide the other question—whether he and his firm, or the firm with his knowledge, assumed to pay the debts of the old firm.   And I say it may be a very significant fact in this case in your consideration that he overpaid the running bills of the new firm—overpaid them without question, without the giving of a word of explanation.   If that is so, I say that is a fact you have a right to consider when you come to consider the question whether the new partnership, with his knowledge, assumed to pay the old debt.] [2]

The defense relies upon the fact that the plaintiff made out a statement that was inconsistent with that.   The statement that the plaintiff made out he is bound by, unless he has explained why it differs from the statement that he filed in this case.   This is a matter that you have been addressed upon by the counsel, and I leave it entirely with you ; but I am free to say that the plaintiff is bound by the statement that he rendered at that time, unless he has satisfied you that the statement was, as a matter of fact, a mistake, or, unless, as he said, he was induced to make it at the suggestion of the defendant, who now relies upon it.] [3]

Verdict and judgment for plaintiff for $45.15.   Defendants appealed.

*Errors assigned* were (1–3) to portions of the judge's charge, reciting same.   (4) Refusal of defendant's point, reciting same.

*Lincoln L. Eyre*, for appellants.—A firm cannot be charged with a debt contracted by one of the partners before the formation of the partnership, though the subject-matter has been carried into the partnership as stock: Brooke v. Evans, 5 Watts, 196.

An incoming partner is not liable for the prior contracts of the firm, not entered into on his credit: Babcock v. Stewart, 58 Pa. 179 ; Shamburg v. Ruggles, 83 Pa. 148.

If any such promise were made or could be inferred, it was within the statute of frauds: Shoemaker v. King, 40 Pa. 107; Nugent v. Wolfe, 111 Pa. 471; Dougherty v. Bash, 167 Pa. 429.

*Jas. Yearsley,* for appellee, filed no paper-book.

OPINION BY WILLIAM W. PORTER, J., November 20, 1899 :

The parties named as defendants in this case are " W. Harris Seltzer, Susan S. Seltzer and J. E. Werner, late partners trading variously under the name of J. E. Werner and Son, and also under the name of Werner and Seltzer." From the evidence it is clear that J. E. Werner was a member of both firms. W. Harris Seltzer and Susan S. Seltzer, on the plaintiff's own admission, were not members of the firm of J. E. Werner and Son. He testifies: " Q. Mrs. Seltzer or Harris Seltzer were not members of the firm of J. E. Werner and Son, were they? A. Not that I know of. Q. You don't pretend that at all? A. No."

The second firm, called Werner and Seltzer, is claimed by the plaintiff to have included all three of the defendants as partners.

Assuming this to be true, we are of opinion that no case was made out by the plaintiff which entitled him to a verdict against the Seltzers. The debt sued for was contracted by the firm of J. E. Werner and Son before the organization of the firm of Werner and Seltzer. The first named firm continued to exist and to do business with the plaintiff after the second firm was constituted. The second firm also employed the plaintiff. The accounts of the two firms were kept severable on the books of the plaintiff. The present claim is that a balance due by the first firm at the time of the organization of the second firm has never been paid, and that the second firm is liable for it.

There is no evidence showing any agreement on the part of the second firm to pay this debt of the first firm. Had there been, it must have been in writing to be enforceable. It would have been a promise to answer for the debt of another, and within the statute of frauds. It was urged, however, that the second firm was the successor of the first, and assumed to pay

the debt of the first to the plaintiff. A careful examination of the testimony discloses nothing which indicates that the second firm was the successor of the first. The first firm did not pass out of existence nor cease to do business at the creation of the second. Should, however, the second be construed to be but a continuation of the first firm, with the introduction of new partners, such new partners cannot be held for the debts of the firm precedently contracted. " It has never been thought that a man, who buys himself into another's business, subjects himself to the liabilities which that other may have incurred previously; nor that a new firm is bound by law to pay the debts or comply with the contracts of an old one composed partly of the same members: " Bewley v. Tams, 17 Pa. 485; Babcock v. Stewart, 58 Pa. 179. A partner who enters a firm already established does not thereby become liable for the debts of the old firm. Nothing but an express agreement will render him so liable: Hart v. Kelley, 83 Pa. 286; Shoemaker v. King, 40 Pa. 107.

The evidence discloses no contract between the old firm and the new firm, or between the old firm and the incoming partners (if it shall be assumed that the old firm was continued), or between the new firm and the plaintiff, by which the new firm agreed to pay the debt due the plaintiff.

The facts that W. H. Seltzer was the manager of the firm of J. E. Werner and Son, and (as he says) of the firm of Werner and Seltzer, composed of J. E. Werner and Mrs. Seltzer; that he made a payment of a sum of money on account to the plaintiff, without designating to which of the firm accounts it was to be credited; and even that he was introduced to the plaintiff as a member of the new firm, do not fix a liability on the new firm for the debt of the old. Liability for the debts of another must be determined by evidence better than that of implication.

Nor do these facts make the Seltzers liable for the debts of the old firm, if they are to be regarded as incoming partners. This last assumption is, however, not warranted by the proofs. The plaintiff (however induced), furnished a statement in his own handwriting, showing the status of the accounts of the two firms, and received the cash balance shown thereby to be due by the second firm. True, he declined to give a receipt in

full, but the written statement with the other evidence in the case shows that the debt sued for was unequivocally the debt of the first firm, and that the two firms were regarded by the plaintiff as distinct and separate. The verdict should have been entered as requested by the point of charge, made the subject of the third assignment of error.

The judgment against W. Harris Seltzer and Susan S. Seltzer is reversed.