## THOMPSON et al. v. SHIDELER.

No. 11625—Opinion Filed June 19, 1923.

(Syllabus.)

1. Contracts — Consideration — Bonus for Sales of Automobiles.

An agreement between a distributor company and a dealer in automobiles that distributor will pay dealer a bonus of $20 per car for each car sold, the consideration being to stimulate the number of sales and thereby increase the profits of distributor,

is a valid consideration and the agreement enforceable.

2. Partnership—Liability of New Partner for Old Firm Debts.

Where a person becomes a member of a partnership, he does not thereby assume the previous indebtedness of the firm, nor is he bound thereby, in the absence of an express or implied promise, to pay the same as such partner.

3. Set-Off and Counterclaim — Failure to Assert — Right to Costs in Subsequent Action.

Section 276, Comp. Stats. 1921, does not preclude the successful party in an action from recovering his costs on a claim which could have been pleaded as a proper set-off in a previous action against him, where such previous action was in a court which had no jurisdiction to determine the amount of such set-off, as where an action is in the justice court and the set-off for an amount beyond the jurisdiction of such court.

4. Appeal and Error — Questions of Fact— Review.

The judgment of the trial court, sitting as a court of law, upon conflicting testimony will not be disturbed by this court where the evidence reasonably tends to support the judgment.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by Grover Shideler against Scott Thompson and others, partners under firm name of Thompson Motor Car Company, upon contract. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

Morgan & Dempree, for plaintiffs in error.

John P. Hickam, for defendant in error.

HARRISON, J. Defendant in error, Shideler, brought this action against plaintiffs in error, as a partnership, and against each member thereof, for $220, alleged to be due him from said firm under an oral contract to pay him a bonus of $20 for each Maxwell car sold by him.

The Thompson Motor Car Company, plaintiff in error, was distributor for Maxwell cars in this state; Shideler was a car dealer, and as such made a dealer's contract in writing with said distributor, Thompson Motor Car Company, to sell Maxwell cars. Shideler's place of business was Stillwater, Okla.; the Thompson Motor Car Company, at Oklahoma City, Okla. Shideler alleged that in addition to the written contract he had a separate, distinct oral contract with the Thompson Motor Car Company, whereby

said company, through Scott Thompson, its agent, obligated itself to pay him a bonus of $20 for each Maxwell car sold by him; he claimed to have sold under said oral agreement eleven cars and therefore claimed $220.

The Thompson Motor Car Company, as a partnership, and each member thereof, filed separate answers to Shideler's petition, and Shideler filed separate reply to each separate answer. Each separate answer contained a denial of any liability under such contract, and a further denial of the existence of any such contract.

At the trial Shideler testified to having made such a contract with Thompson Motor Car Company, through Scott Thompson, its agent, whereby said company agreed to pay him a bonus of $20 for each car sold, and testified that under such agreement he had sold 11 cars and turned over the proceeds of such sales to said Thompson Motor Car Company, and that they had refused to pay him said bonus. He also testified that some time subsequent to the date of such oral agreement, said Thompson Motor Car Company, through its agent, Scott Thompson, had acknowledged its liability for said bonus and promised to pay same. In this regard, that is, in regard to the subsequent promise to pay, he was partially corroborated by Leland Fellows, a young man in Shideler's employ at the time of said subsequent promise to pay, and who claimed to have been present and heard the conversation between Shideler and Scott Thompson in reference to said bonus. Upon his own testimony and the testimony of Leland Fellows, Shideler rested his case, with the exception of the exhibit introduced in evidence, which was a copy of the written notice to Thompson Motor Car Company that the written contract was canceled. It appears that said written contract provided that either party to same might terminate such contract upon written notice to the other party.

Scott Thompson took the stand in his own behalf and in behalf of the Thompson Motor Car Company, and denied that he or the Thompson Motor Car Company through him, had ever made the kind of contract which Shideler claimed to have made with them. He admitted that on the date in which Shideler and the Thompson Motor Car Company had entered into the written contract, through him as its agent, he had made a separate oral contract which it was their custom to make with all dealers, or at least, a majority of dealers, whereby they, the

Thompson Motor Car Company, agreed to pay $20 per car provided such dealers should fulfill the dealer's written contract. The dealer's written contract with Shideler provided that Shideler should sell five automobiles each month, beginning with the month of January, 1918, and ending with the month of June, 1918, and that Shideler would accept and pay for 30 automobiles at the rate of five per month, during the period of said written contract. Thompson testified that, after entering into said written contract, he made a separate oral promise to Shideler that if he would fulfill said written contract he would receive a bonus of $20 per car; that this was the only contract in reference to the bonus, which he, or the Thompson Motor Car Company through him, had ever made with Shideler; and he further claimed that Shideler had not fulfilled his written contract, but had breached same and canceled same; that the payment of bonus being conditioned upon Shideler's fulfillment of the written contract to pay for 30 cars during the contract period at the rate of five cars per month, and Shideler having breached such contract, neither the Thompson Motor Car Company nor the members thereof were liable for such bonus. This, with the exception of two exhibits, which were written contract between the Thompson Motor Car Company, and Shideler, and a copy of a certain bill of particulars, claimed to have been theretofore filed by the Thompson Motor Car Company in the justice court against Shideler, was all the testimony offered in behalf of any of the plaintiffs in error. Neither plaintiff in error Risk Thompson nor C. H. Hogan testified or offered any testimony in their own behalf or in behalf of the Thompson Motor Car Company.

The cause was submitted to the court and judgment rendered in favor of Shideler, in the following language, to wit:

"Judgment is therefore rendered for the plaintiff and against the said defendants, Scott Thompson, Risk Thompson, and C. H. Hogan, copartners. under the firm name of Thompson Motor Co., and Scott Thompson, in the sum of $200 and the interest on the same from March 1, 1918, at the rate of six per cent. per annum, together with the costs of this action. * * *"

Plaintiffs in error ask reversal of such judgment upon three grounds:

(1)   Failure of consideration for the alleged bonus.

(2)   That since the termination of the written contract between Thompson Motor

Car Company and Shideler, C. H. Hogan had come into the partnership, thereby forming a new partnership, and that C. H. Hogan, having come into the same without assuming any liabilities of the old partnership, consisting of Scott Thompson and Risk Thompson, was not liable for the debts of the old partnership.

(3) That defendants in no event were liable for costs in this action, for the reason that previous to this action, Thompson Motor Car Company had sued Shideler in the justice court for a balance due on accessories, supplies, etc., and that Shideler, having pleaded no offset in said justice court trial and having made no defense in such case, was, under section 4748, Rev. Laws 1910, precluded from recovering costs upon claim which should have been pleaded as a counterclaim in said justice court action.

As to the first proposition, we think the record shows a valid consideration. If there was any agreement at all, that is, such an agreement as Shideler testified to, in reference to the bonus, the consideration was to induce Shideler to accept the dealer's contract and to stimulate his efforts in making sales thereunder, thereby increasing the sales and profits of distributors, the Thompson Motor Car Company. Such a consideration was valid.

As to the second proposition, it is not denied that C. H. Hogan came into the Thompson Motor Car Company partnership after the cancellation and termination of the Shideler contract, and after all liabilities under such contract had become fixed against the old firm, and there is no evidence that Hogan assumed any former liabilities of the old firm. The record discloses no grounds from which a reasonable inference would arise that Hogan assumed any liabilities of the old firm growing out of the Shideler contract. The rule in such case was years ago announced by this court in Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94, as follows:

"Where a person becomes a member of a partnership, he does not thereby assume the previous indebtedness of the firm, nor is he bound thereby, in the absence of an express or implied promise to pay the same, as such partner."

The above rule is general. 20 R. C. L. 985; 9 L. R. A. (N. S.) 58; 48 L. R. A. (N. S.) 549; Serviss v. Mc Donnell (N. Y.) 14 N. E. 314; Sternburg v. Callanan, 14 Iowa, 251; Wright v. Brosseau, 73 Ill. 381; Shamburg v. Ruggles, 83 Pa. 148; Hart v. Kelly, 83 Pa. 286; Peters v. McWilliams, 78 Va. 567; 30

Cyc. 614, citing cases from almost every state, as well as from the federal courts and courts of England. Therefore the judgment to the extent of holding C. H. Hogan liable is error.

As to the third proposition presented, we cannot sustain the contention. The claim of Shideler might have been pleaded as a proper counterclaim against the claim of the Thompson Motor Car Co. against Shideler, if the justice court had had jurisdiction of the amount, but Shideler's claim was for $220, thereby exceeding the jurisdiction of the justice court, as prescribed in section 18, art. 7, of the Constitution, and section 897, Comp. Stats. 1921.

Hence, as Shideler could not have had his counterclaim adjudicated in the justice court for lack of jurisdiction in such court, he is not precluded from recovery of his costs by section 4748, Rev. Laws 1910, section 276, Comp. Stats. 1921, in a subsequent independent action upon his claim; the present action being the first opportunity presented him in a court having jurisdiction to determine same. It is held, therefore, that he is entitled to recover his costs.

In deciding this case, it may be proper also to observe that the case was submitted to the trial court upon conflicting testimony, and the trial court being the judge of the credibility of the witnesses and the weight to give the testimony, his judgment in favor of Shideler will not be disturbed, there being reasonably sufficient evidence to sustain the judgment. For the reasons given, the judgment is modified so as to release C. H. Hogan from liability thereon, and affirmed as to Scott Thompson and Risk Thompson.

Judgment modified and affirmed.

McNEILL, V. C. J., and NICHOLSON, COCHRAN, and MASON, JJ., concur.