MACKEY et al. v. PURDY.

No. 31598.   Feb. 20, 1945.

*156 P. 2d 137.*

Joe B. Houston and Le Roy Blackstock, both of Tulsa, for plaintiffs in error.

Tom L. Irby, of Ponca City, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Kay county and involves the correctness of the judgment of that court on the dissolution of a partnership. Lowell B. Mackey, Roy L. Morgan, and Ray R. Tyer brought the action for the purpose of dissolving a partnership alleged to exist between them and Archie K. Purdy and Damirse Euvene Purdy. These parties entered into a partnership relationship that is governed by a written contract which appears in the record. The whole controversy among them involves the rights of the parties on dissolution.

Mackey et al. appealed from the judgment of the trial court and assigned two grounds of error for reversal. They urge, first, that the court, in finding that Purdy was indebted in the amount of $2,157 prior to the formation of the partnership erred in making that amount of debt a lien against the partners and the partnership property. They argue, secondly, that the court erred in

fixing the amount of money and property contributed by each of the partners.

As a premise to discussing the first proposition it should be observed that the parties do not deny that Purdy had pre-existing debts on his own account in the amount found by the trial court. The error urged is based on the court's judgment making these debts the debts of the partnership and a lien on the entire partnership property. The debts which Purdy owed, aggregating the stated amount, were secured by the property which he owned at the time of the formation of the partnership and at the time he put that property under the effects of the partnership contract. This act of Purdy's could not in law affect the liability which he individually bore with respect thereto, nor the preference which his creditors had with respect to that property as against the claims that might be created against such property by the partnership. But, as to the other parties who entered into the partnership contract with Purdy, they did not, ipso facto, by becoming partners of his and accepting the use of this property as a part of the partnership operations, become bound to pay Purdy's debts therefor. 47 C.J. 774; 45 A. L.R. 1240; Strickler v. Citchel, 14 Okla. 523, 78 P. 94; and Thompson v. Shideler, 90 Okla. 94, 216 P. 161. The contract governing the partnership expressly provided that the others were not assuming Purdy's pre-existing debts. Purdy introduced in evidence and testified concerning an inventory of the property owned by the partnership and in this inventory he was careful to segregate the property which he owned, and which secured his debts, from the additional property that was acquired by the partnership after it began operations. We think, therefore, that the trial court should have entered judgment protecting the priority which Purdy's creditors had against him and his property without rendering the other partners liable therefor, and should have limited their liability to the debts created by the partnership after its creation; and should have attached those debts to the property acquired by the partnership first and only to the property contributed by Purdy to the partnership after the satisfaction of the preference in favor of his creditors prior to the creation of the partnership.

Upon consideration of the record in the light of the second contention made, we are of the opinion that the trial court erred in fixing the amount of money contributed by the partners. The contract provides, in so many words, and the partners all testified in support thereof, that the property which Purdy owned at the time of the formation of the partnership and which was subject to certain known liens then and was likely to be made subject to an additional lien if contemplated refinancing took place, should remain his property until he had cleared it of the liens against it, in the manner specified in the contract, whereupon he should sell to his partners one-half interest therein, and it was stated explicitly that the partnership agreement was not a sale at the time by Purdy to the other partners of any interest in his property. The other partners testified, and Purdy corroborated them, that they paid him $1,220 in cash and contributed certain property to the operations of the partnership. The trial court found that Purdy's contribution to the partnership amounted to the $1,220 given him by the other partners, plus $277 of his own money, or $1,497, plus the property turned to him by the other partners. At the time the trial court found that this money paid to Purdy and property turned to him by the other partners was not so given to him as the partners' contribution to the operation of the business, but mostly as the payment by them for their one-half interest in the property which Purdy was turning to the partnership. The record does not bear this out and such finding is contrary to the terms of the contract to the effect that Purdy was not to sell them an interest in his property until he had cleared it from debt. Since the record is clear that Purdy never cleared his property from debt, the parties who paid him this money and turned him

their personal property are thereby entitled to some accounting from him upon dissolution of the partnership, even if it could be considered that their payment of this money and turning to him of the property was not in the nature of their contribution to the operations but was in payment for a share in his property contrary to the terms of the contract. The effect of the trial court's finding is to say that the other partners paid Purdy $1,220, plus items of personal property, as an advance payment on their contingent obligation to pay for a one-half interest in his property, and that Purdy used this money and property as his contribution to the partnership and was entitled to have the partnership account to him therefor on its dissolution. The further effect is to say that the other partners were paying on their contingent obligation to buy one-half of his property, but did not receive it because he did not clear it of his pre-existing debts, and yet are obliged to make good to him on dissolution for a sum equal to what they paid him on the theory that he contributed it to the partnership. The record will not sustain this finding of fact.

The judgment is reversed and the cause is remanded.

HURST, V.C.J., and RILEY, OSBORN, WELCH, and CORN, JJ., concur.