## PIERCE BUTLER RADIATOR CORPORA-TION v. LUONGO et al.

### Civ. No. 9926.

United States District Court
E. D. Pennsylvania.

Nov. 15, 1949.

Henry Arronson, Philadelphia, Pa., for plaintiff.

Benjamin A. Katz and Barnie F. Winkelman, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

■ This case arises on a motion to dismiss the complaint, a motion that should not be granted " * * * [unless] it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." See Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, 635. An examination of the record at this point convinces me that this standard is not met. The facts which the plaintiff will attempt to prove are, briefly, as follows: The plaintiff sold a generator to one Sorrentino, reserving title in itself, and taking from Sorrentino two promissory notes. Subsequently, it is averred, Sorrentino entered into a partnership with one Greco and the defendant Luongo, in the city of Philadelphia, transferring all of his assets (including the generator) to the partnership, with Luongo assuming all the liabilities of Sorrentino. Ultimately, Sorrentino, Greco and Luongo organized the Beaufort Cannery Company, Inc., under the laws of North Carolina. It is further averred that the partnership transferred all of its assets (including the generator) to the new corporation, in violation of plaintiff's reserved title, without the knowledge or consent of the plaintiff, constituting a conversion of the plaintiff's property.

In May of 1949 the corporation filed a voluntary petition in bankruptcy in the United States District Court for the East-

ern District of North Carolina, and a trustee was appointed and duly qualified. The plaintiff has filed a proof of claim in that proceeding as a general creditor of the corporation.

The plaintiff here seeks to recover from Luongo individually on the basis of an alleged responsibility for the two promissory notes and for conversion of the generator. The defendant's position, in urging a dismissal, is essentially (1) that no partnership liability can be fastened on Luongo, (2) that Luongo is nevertheless not personally liable for the notes of Sorrentino or for the transfer of the generator from the partnership to the corporation, and (3) that in view of the bankruptcy proceedings, and of the filing of a proof of claim in those proceedings by the plaintiff, this court does not have jurisdiction to proceed with the case.

It may be that the plaintiff will be unable to establish the foundation of his case, the participation by Luongo in the partnership. The articles of partnership referred to in the complaint do not seem, of themselves, sufficient to establish the relationship. But, in ascertaining whether a partnership exists, it is appropriate to consider all of the attendant facts and circumstances. See Northampton Brewery Corp. v. Lande, 138 Pa.Super. 235, 238, 10 A.2d 583. And it cannot be said as a matter of law, at this point, that no partnership including Luongo existed.

If the plaintiff does establish the existence of such a partnership, he will have laid the basis for Luongo's responsibility for the alleged conversion. But more is required to ground his responsibility for the notes of Sorrentino. The Pennsylvania Partnership Act, 1915, P.L. 18, part III, Sec. 17, 59 P.S. §39; Uniform Partnership Act, Sec. 17, provides for the liability of an incoming partner for all partnership obligations arising before his admission, but it also provides that this liability shall be satisfied only out of the partnership property. Inasmuch as the "partnership property" is now within the jurisdiction of the bankruptcy court in North Carolina, beyond the reach of this court, and inasmuch as the plaintiff seeks a money recovery against the defendant personally, the underlying theory of this action seems to be outside the scope of that statute. See Wine Packing Corp. of California v. Voss, 37 Cal.App.2d 528, 100 P.2d 325. Therefore, it is incumbent upon plaintiff to establish the assumption of the obligations of Sorrentino by Luongo upon the latter's becoming the former's partner. Plaintiff, of course, will bear the burden of establishing the assumption. And whether such assumption must be by express agreement, Ash v. Werner, 12 Pa.Super. 39, or whether it may be implied, Bewley v. Tams, 17 Pa. 485; Shamburg v. Ruggles, 83 Pa. 148, plaintiff is entitled to attempt to prove the facts necessary to support his claim. If the plaintiff succeeds in establishing the necessary assumption, he may well be entitled to the relief sought.

Defendant cites numerous cases for the proposition that the bankruptcy court in North Carolina, having assumed jurisdiction over the assets of the Beaufort Cannery Company, Inc., has exclusive power to adjudicate all issues with respect to those assets, including the generator. It is conceded that the bankruptcy court has jurisdiction to determine all questions respecting title, possession and control over those assets. But none of the assets of the bankrupt corporation is involved here, nor is there involved any question concerning the liability of the bankrupt corporation to this plaintiff. The issue in the case at the bar of this court is whether Luongo performed acts which would render him personally liable to the plaintiff. The trial of that issue in this court will not be an intrusion upon the jurisdiction of the bankruptcy court.

Finally, I see no merit in the contention that the plaintiff has, by filing a proof of claim in the bankruptcy proceeding, elected his remedy to the preclusion of the remedy here sought. The two remedies are not inconsistent, and the plaintiff may sue the members of the co-partnership which incurred the original liability to the plaintiff at the same time he pursues the transferee of the partnership assets. See the discussion in Irvin v. Harris. 182 N.C. 656, 109 S.E. 867.

It is apparently conceded in the second amended complaint and in the affidavit of the attorney for the plaintiff, that there can be no liability on the part of the defendant Melucci. Therefore, an order will be entered granting the motion to dismiss as to the defendant Melucci, but denying the motion as to the defendant Luongo.