The BOARD OF COUNTY COMMISSION-
ERS OF MARSHALL COUNTY, Okla-
homa, Ed Benton, Chairman of the Board
of County Commissioners of Marshall
County, Oklahoma, the County Excise
Board of Marshall County, Oklahoma, and
F. L. Lewis, Chairman of the County Ex-
cise Board of Marshall County, Oklahoma,
Plaintiffs in Error,

v.

Willie Bert SNELLGROVE, County Clerk,
James M. Splawn, Sheriff, George L. Sneed,
County Judge, John A. Butler, County At-
torney, Edith S. Hill, Court Clerk, Ruth
Harrell, County Treasurer, Diana Everett,
County Tax Assessor, all of Marshall
County, Oklahoma, Defendants in Error.

No. 42029.

Supreme Court of Oklahoma.

May 2, 1967.

Reuel W. Little, Madill, Chas. Nesbitt, Atty. Gen., for plaintiffs in error.

Welch & Minter, Joseph O. Minter, Don Welch, Jr., Madill, for defendants in error.

JACKSON, Chief Justice.

In the trial court, plaintiffs, the County Clerk and County Sheriff of Marshall County, Oklahoma, filed a petition for a writ of mandamus directed to the Board of County Commissioners and the County

Excise Board, and the respective members thereof, requiring them to perform the acts necessary to effectuate salary increases for the plaintiff officials pursuant to the terms of 19 O.S.1965 Supp. § 180.63b. Other elected county officials were later joined as parties. After judgment for plaintiffs, defendants appeal.

This section of the statute, providing extra salary and extra duties for the elected county officials named therein, by its terms applies only to counties " * * * having both a Federal flood control impoundment and a Federal forest reserve therein * * * ". It was stipulated in the trial court that there is in Marshall County a Federal flood control impoundment.

In this court, defendants argue, among other things, that plaintiffs failed to prove that there is a Federal forest reserve in Marshall County. Defendants also argue that § 180.63b is unconstitutional for various reasons. However, in the view we take, it is unnecessary for us to reach the constitutional question.

Over the objection of defendants that it was not the best evidence, the court permitted the plaintiff County Clerk to testify that there is a Federal forest reserve in the northeast part of Marshall County. However, on cross examination he testified that he knew of no records in his office describing a Federal forest reserve but that "evidently" there "must be" a forest reserve in Marshall County. He further testified that " * * * this has always *in our own minds* been designated as a Forest Reserve out there" (emphasis supplied).

Mr. B, a County Commissioner, testified that he knew of no designation of lands in Marshall County by the President, or by the Department of the Interior, or the Department of Agriculture, as a Federal forest reserve; that there were no signs in that part of the county saying "Federal forest reserve"; and that the signs he had observed in the area said "Wildlife Game Refuge" and "Beware—Fish and Wildlife Refuge".

A Marshall County abstractor testified that he kept an index of instruments filed, and microfilms of the instruments themselves, and that in the course of his business he had never seen an instrument describing or designating property as a Federal forest reserve. He said that in the northeastern part of the county the federal government had taken a rather large area of land and that it was "land condemned for the lake". He was not familiar with several federal statutes cited in a Declaration of Taking and Petition for Condemnation, about which he was questioned, as authority for the taking. Two of these were general federal statutes on the subject of condemnation of land; a third one was the federal statute authorizing the "Denison Reservoir on Red River in Texas and Oklahoma" (Lake Texhoma) for flood control purposes. 52 Stat. 1215.

In the briefs, plaintiffs cite separate dictionary definitions of the words "forest" and "reserve" and conclude that " * * * if there is a tract of woodland in Marshall County owned by the United States Government and held and reserved for a particular purpose, it comes within the definition of a 'forest reserve' or 'Federal forest reserve' as used in * * * " 19 O.S.1965 Supp. § 180.63b. Under this view, any tract of woodland held by the United States for any purpose would constitute a "Federal forest reserve".

We are unable to agree that the phrase is to be so loosely defined. We think that in using the phrase "Federal forest reserve" in 19 O.S.1965 Supp. § 180.63b, supra, and "Forest Reserves" in 62 O.S. 1961, § 326, the Legislature could only have had in mind forest reserves as designated in Federal statutes.

Federal forest reserves were first authorized by the Act of Congress of March 3, 1891, 26 Stat. 1103. Section 24 of this Act, now codified as the first paragraph of 16 U.S.C.A. § 471, authorized the creation of "forest reservations" by the President by public proclamation. In this statute, as in later related and amendatory

statutes, the phrases "forest reserves", "forest reservations" and "public reserves" were used interchangeably in the same context. See, for instance, the Act of Congress of June 4, 1897, 30 Stat. 34, 36.

In the Act of Congress of March 4, 1907, 34 Stat. 1269, a general appropriation bill for the Department of Agriculture, Congress provided, among other things, that forest reserves " * * * shall be known hereafter as national forests". In statutes enacted since that time, Congress has generally used the term "national forests" in referring to federal forest reserves, and compilers of the various editions of the United States Code authorized by law have generally substituted "national forests" for "forest reserves" and similar phrases in codifying the statutes enacted before 1907 which are still in effect. Compare, for instance, Section 24 of the Act of Congress of March 3, 1891, 26 Stat. 1103, with the first paragraph of 16 U.S.C.A. § 471; and compare Section 1 of the Act of Congress of June 4, 1897, 30 Stat. 34, 36, with its "successor" in the United States Code, 16 U.S.C.A. § 473. Even so, Congress has on occasion reverted to the older terminology in statutes relating to the national forests. See the Act of Congress of June 15, 1926, 44 Stat. 745, now codified as 16 U.S.C.A. § 471a, and referring to a "forest reservation".

■ From the above, and particularly in view of the quoted language from the Act of Congress of March 4, 1907, 34 Stat. 1269, it is clear that, in federal law, "forest reserves", "forest reservations" and "national forests" are synonymous terms. Such being true, the concession of counsel for plaintiffs in argument to the trial court in the instant case that "Certainly there is no National Forest in Marshall County" is significant.

Federal statutes relating to the establishment and administration of federal forest reserves, or national forests, are now codified as Chapter 2, entitled "The National Forests", of Title 16 of the United States Code. See 16 U.S.C.A. § 471 et seq.

Under Sec. 471, national forests are created by public proclamation of the President. In past years, under various reorganizations of the executive branch of the federal government, national forests have been administered through several different agencies or departments of the federal government, principally the Department of the Interior and the Department of Agriculture. See historical note following 16 U.S.C.A. § 474. At the present time the Secretary of Agriculture is charged with execution of the laws respecting national forests. Sec. 472. Under Sec. 474, the "surveys, field notes and plats" of national forests are required to be "filed in the respective land offices of the districts in which such lands are situated".

■ In view of these requirements of federal law, it is clear that the best evidence of the existence of a national forest, or federal forest reserve, is the President's public proclamation establishing it, or a properly certified copy thereof. It would seem also that evidence of the "surveys, field notes and plats" of national forests which are required to be filed under 16 U.S.C.A. § 474, would also be probative evidence of the existence of a national forest. Public records and documents of a public character are subject to the operation of the best evidence rule. 29 Am.Jur. 2d, Evidence, Sec. 482. See also 12 O.S. 1961, §§ 486, 498 and 499.

■ It is well settled that the courts may take judicial notice of the public and general acts of Congress, 29 Am.Jur.2d Evidence, Sec. 32, and of the official acts, executive orders and public proclamations of the President, 29 Am.Jur.2d Evidence, Sec. 40. We have accordingly made a search for a public proclamation of the President establishing a national forest or federal forest reserve in Marshall County, and have been unable to find any. Neither do we find any act of Congress having that effect.

■ We hold that the testimony of the plaintiff County Clerk that there is a fed-

eral forest reserve in Marshall County was incompetent and inadmissible as not the best evidence. It was also obviously a mere conclusion of the witness and objectionable for that reason. No predicate was laid for the admission of secondary evidence on this subject.

The County Clerk also testified, over objections, that he had examined the records of the County Treasurer; that the County Treasurer had received funds from the United States government marked "Forest Reserve Funds"; and that they were kept in a separate account in the County Treasurer's office designated "Forest Reserve Account". These funds had amounted to about $100.00 per year since 1948. There was also documentary evidence that claims had been made against these funds and that they had been paid out, at the instance of the County Commissioners, for the purposes provided by statute. However, the only evidence that they had been marked "Forest Reserve Funds" when received from the federal government by the County Treasurer was the parole testimony of the County Clerk. This evidence was apparently offered for two purposes: (1) to prove the existence of a federal forest reserve in Marshall County; and (2) as a predicate for plaintiff's later argument that, by drawing upon these funds and spending them, the defendant Board of County Commissioners were estopped to deny, in the instant proceeding, that there is a federal forest reserve, or national forest, in Marshall County.

■ For the reasons previously outlined herein, the evidence of the receipt of funds from the federal government marked "Forest Reserve Funds" was incompetent and inadmissible as not the best evidence of the existence of a federal forest reserve in Marshall County.

■ In connection with the argument that the Board of County Commissioners are estopped by their conduct from denying the existence of a Federal forest reserve in Marshall County, it is well settled that the essential elements of an equitable estoppel are: (1) a false representation or concealment of facts; (2) it must have been made with knowledge, actual or constructive, of the real facts; (3) the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts; (4) it must have been made with the intention that it should be acted upon; and (5) the party to whom it was made must have relied on, or acted upon, it to his prejudice. Gypsy Oil Co. v. Marsh, 121 Okl. 135, 248 P. 329, 48 A.L.R. 876. In the case now before us, there was no evidence of any false representation or concealment of facts by the Board of County Commissioners, and therefore no evidence upon which to base a claim of equitable estoppel.

■ It is well settled that the burden of proof rests upon the party having the affirmative as made up by the pleadings, and such party must prove every essential fact necessary to establish his cause of action or defense. Graves Farm Loan Inv. Co. v. Vance et al., 169 Okl. 177, 35 P.2d 896. Under this rule, plaintiffs in this case had the burden of proving, among other things, that there is a Federal forest reserve in Marshall County, since the statute under which they seek extra pay applies only if that is true. We find no competent evidence in the record before us to that effect.

■ Mandamus is a special proceeding addressing itself to the equity powers and conscience of the court or judge, State ex rel. Westerheide et al. v. Shilling, 190 Okl. 305, 123 P.2d 674. In an action of equitable cognizance the judgment of the trial court will be set aside if it is clearly against the weight of the evidence. Mackey et al. v. Purdy, 195 Okl. 171, 156 P.2d 137.

The judgment of the trial court is reversed.

All the Justices concur.