**MARTIN et al. v. MOERY et al.**

No. 26.

District Court, E. D. Illinois.

Aug. 29, 1939.

Kramer & Cohn, of East St. Louis, Ill., for plaintiffs.

Monroe & Allen, of Decatur, Ill., and N. E. Hutson, of Monticello, Ill., for defendants.

WHAM, District Judge.

This case is now before the court upon plaintiffs' motion to strike the motion of defendants Ralph and Gertrude Moery to dismiss the amended complaint upon the ground that the amended complaint and each count thereof fails to state a claim upon which relief can be granted. The ground of the motion to strike is that a former motion to dismiss heretofore filed by said defendants and heretofore denied contained an assertion of the same or similar grounds relied upon in support of defendants' present motion to dismiss.

An examination of defendants' former motion to dismiss discloses that it went only to the jurisdictional question of the amount in controversy under the allegations of the amended complaint and not to the sufficiency of the claim stated in the amended complaint. The former motion was within the meaning of the first of the six defenses that may be made by motion under the provisions of Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, while his present motion is within the meaning of the sixth defense under said rule which reads as follows: "(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim,

shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

Rule 12 (g) of the Federal Rules of Civil Procedure which has for its purpose the prevention of unnecessary delay by prohibiting the filing of consecutive motions reads: "(g) Consolidation of Motions. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted, except that prior to making any other motions under this rule he may make a motion in which are joined all the defenses numbered (1) to (5) in subdivision (b) of this rule which he cares to assert."

Under the provisions of the last-quoted rule the defendants are specifically authorized to make defenses one to five, inclusive, in a single motion before making any other motions under said Rule 12. Defendants were not required to consolidate the sixth defense specified in Rule 12 (b) with defenses one to five or any of them, but were permitted, should they so desire, to defer the presentation of the sixth defense by motion until disposition had been made of the motion presenting defenses one to five, or any of them. This is the course that has been followed by defendants here and their motion to dismiss on the ground of the insufficiency of the statement of claim is properly presented to the court. The motion to strike is denied. Plaintiffs' motion for judgment which is coupled with their motion to strike must fall with their motion to strike.

Consideration of defendants' motion to dismiss leads me to adhere to my former conclusion which caused me heretofore to overrule the motion to dismiss the amended complaint filed by the defendants Mr. and Mrs. John H. Moery. I am of opinion that the amended complaint and each count thereof states a claim that requires an answer. Furthermore, it would seem that each of the points urged in defendants' motion to dismiss can better be determined if set up in the answer and considered after trial on the merits. Indeed, the Federal Rules of Civil Procedure specifically provide that the statute of frauds shall be pleaded as an affirmative defense. Rule 8(c).

Defendants' motion to dismiss the amended complaint is denied and defendants required to plead further within ten days hereafter, as provided in Rule 12(a) of the Federal Rules of Civil Procedure. Defendants may set up in their answer any defense to the merits of the amended complaint upon which they wish to rely regardless of the fact that it may have been contained in the motion to dismiss this day overruled.