## EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. SAFTLAS et al.

### No. 10089.

District Court, E. D. Pennsylvania.

Oct. 7, 1940.

Robert J. Sterrett, of Philadelphia, Pa., for plaintiff.

Arthur S. Arnold, and Sundheim, Folz & Hirsch, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

The Equitable Life Assurance Society filed its complaint in this court August 17, 1938, seeking to rescind the disability and double indemnity provisions of the life insurance policy issued to Joseph Saftlas, to enjoin the insured from continuing an action in the state courts to recover disability benefits, and to enjoin both defendants from commencing any further action for either disability or double indemnity benefits. Fraud in the procurement of the policy is alleged as the basis for the relief sought.

By its terms, the policy was to be incontestable after being in force one year, except as to the provisions relating to disability and double indemnity. At the time the complaint was filed, the policy had been in effect over one year.

█ Dismissal sought by the defendants on jurisdictional grounds was denied by the late Judge Dickinson. Plaintiff contends the defense raised in the present motion was available at the time of the prior motion and the present motion therefore violates Rule 12(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring a consolidation of motions. This overlooks the provision of Rule 12(g) that motions concerning jurisdiction may be made prior to other motions. Martin et al. v. Moery et al., D.C., 1 F.R.D. 127.

█ Defendants thereafter filed an answer, in which, along with other defenses, it was denied that the plaintiff is entitled to equitable relief and it was averred that plaintiff failed to state a claim upon which relief can be granted.

The defendants now move to have these defenses determined preliminarily before trial in accordance with Rule 12(d) and to have the action dismissed.

The plaintiff's primary contention is that the defendants' motion is procedurally improper and should, for that reason alone, be denied.

Section (b) of Rule 12 provides that the defense of failure to state a claim upon which relief can be granted may be asserted, at the option of the pleader, by motion or by responsive pleading. It also provides that a motion making this defense shall be made before pleading if a further pleading is permitted. Section (d) provides that this defense, whether made in a pleading or by motion, can be heard and determined before trial on the application of any party, unless the court orders it deferred until trial. These two sections afford two methods for preliminarily determining the questions enumerated in 12(b).

In Kadylak et ux. v. O'Brien et al., D.C., 32 F.Supp. 281, the defendant, after answering the complaint, moved to dismiss the action under Rule 12(b) (6) for failure to state a claim upon which relief can be granted. The court held that the motion "must" be denied, citing Rule 12(b) which also provides that a motion making this defense shall be made before pleading if a further pleading is permitted. It would seem the defendants can interpose no valid objection to the above ruling, since under Rule 12(h) the defense of failure to state a claim is not waived and will be available to them at the time of trial. Furthermore, Rule 12(d) accords the court discretion to defer the determination of this question until the trial. However,

to hold it mandatory upon the court to deny motions for dismissal made after the answer is filed would deprive Rule 12(d) of any operative force in many instances. This section allows a motion to be determined before trial unless deferred by the court.

In the instant case objections to the sufficiency of the complaint were made in the defendants' answer. I think a motion to dismiss for the same reason, filed after the answer, may be considered before trial if it appear fitting to the court that some of the questions raised in the motion should be determined before trial. Rule 12(d). See Young v. Aetna Life Ins. Co., D.C., 32 F.Supp. 389, 391.

Deeming the motion proper in its procedural aspect, we will consider its substantive force.

The plaintiff seeks as one branch of relief to have a pending action in the Common Pleas Court of Philadelphia County, Pennsylvania, enjoined. There is a statutory prohibition against such relief, which is as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." R.S. § 720; March 3, 1911, c. 231, § 265, 36 Stat. 1162, 28 U.S.C.A. § 379. There are exceptions other than the one defined, which have been declared to have been within the legislative intent, but the present case does not fall within any recognized exception. In fact, it provides a circumstance very evidently requiring preservation of the independence of the state court. See Smith et al. v. Jennings et al., 5 Cir., 238 F. 48; Tussing et al. v. Central Trust Co. et al., D.C., 34 F.2d 312. Nor will the court allow to be done by indirection what is otherwise disallowed. Therefore, the defendants will not be enjoined from continuing a pending suit in the state court. Nor will the court release the plaintiff from liability to the defendants imposed by a state court. This does not mean, however, that the plaintiff is not free to proceed in this court with the remainder of the litigation, at least until a judgment is obtained either in this court or in the state court which may be set up as res adjudicata in the other court. Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Penn. Gen. Cas. Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850. The availability of the other relief sought by the plaintiff is properly before this court.

If the plaintiff proves the allegations of the complaint, it may be entitled to reformative relief by a rescission of the disability and double indemnity provisions of the policy. Ruhlin v. The New York Life Ins. Co.; the course of this case can be followed through: 3 Cir., 93 F.2d 416; 302 U.S. 681, 58 S.Ct. 408, 82 L.Ed. 526; 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; D.C., 25 F.Supp. 65; 3 Cir., 106 F.2d 921. A complaint shall not be dismissed for insufficiency except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302.

An issue of fact has been raised by the pleadings relative to fraud in the procurement of the policy. The defendants' motion cannot, therefore, be given effect as one for judgment on the pleadings. Caterpillar Tractor Co. v. International H. Co., 9 Cir., 106 F.2d 769; Interstate Commerce Commission v. Frye, D. C., 26 F.Supp. 393.

The motion to dismiss is denied, with effect to be given to the qualifications noted.