## RYERSON v. MORRIS & E. R. CO. et al.
### Civil Action No. 1764.

District Court, D. New Jersey.

Jan. 14, 1944.

Haines & Chanalis, of Newark, N. J. (Patrick J. Maloney, of Newark, N. J., of counsel), for plaintiff.

John A. Laird, of New York City, for defendants.

MEANEY, District Judge.

This proceeding is a motion by the defendants herein for summary judgment. The plaintiff instituted an action in the nature of ejectment against the Morris and Essex Railroad Company and the Delaware Lackawanna & Western Railroad Compa-ny, the basis of her asserted right being a claim to ownership as a tenant-in-common of an equal undivided one half part of land, described in the complaint heretofore filed. The defendant in its motion contends that the complaint itself, in conjunction with the Bill of Particulars furnished in answer to a demand for same, discloses on its face laches such as bar such an action, alleging that more than twenty years have passed since the cause of action accrued, and that any claim for damages which may have existed was personal to Sarah E. Ryerson, the plaintiff predecessor in title, and did not pass to the plaintiff by devise.

The plaintiff alleges that her mother held title to the property in question as tenant in common with the Railroad. If this be the fact, the question of whether the Railroad's use of the property was of such duration and character as to divest its tenant in common of her interest therein, would be a question of fact for determination by a jury. As asserted in Foulke v. Bond, 41 N.J.L. 527: "* * * there must be clearer and more decisive evidence of an ouster by one tenant in common of his associate, than is necessary to prove that a person having no right of possession had ousted an owner in severalty." Such an ouster does not appear determinable by the court on the pleadings, and would seem to remain a question to be determined by a jury.

This position of the case would seem to acquire added accent from the plaintiffs asseveration that she had diligently and at great expense endeavored to ascertain the location of the tract in question, and that it was not until 1924 that she was able to locate the premises in question.

Where a motion to dismiss is made as in the instant proceeding, the complaint must be read in a light most favorable to the plaintiff, and the motion should not be granted unless it is fairly to be inferred that the plaintiff could not establish a cause of action at the trial. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F. 2d 865; Equitable Life Assur. Soc. v. Saftlas. et al., D.C., 35 F.Supp. 62. In the present case it does not appear inconceivable to the court that the plaintiff might establish her cause of action at a trial.

The motion by the defendant for summary judgment will be denied.