**BOWLES, Adm'r, Office of Price Administration, v. SUNSHINE PACKING CORPORATION OF PENNSYLVANIA, NORTHEAST PENNSYLVANIA.**

Civil Action No. 2869.

District Court, W. D. Pennsylvania.

Feb. 7, 1945.

John A. Metz, Dist. Enf. Atty., of Pittsburgh, for plaintiff.

S. Y. Rossiter and Robert H. Chase, both of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in which plaintiff seeks treble damages for the sale by defendant of certain fruit juices over and above the prices fixed pursuant to the Emergency Price Control Act of 1942, Section 205(e), 50 U.S.C.A.Appendix, § 925(e): i.e., the General Maximum Price Regulation (7 F.R. 3153), establishing the maximum prices for canned crab-apple juice and canned grape juice; Maximum Price Regulation No. 185 (7 F. R. 5772), establishing the maximum prices for canned strawberry juice and canned black raspberry juice; Maximum Price Regulation No. 207 (7 F. R. 6599), establishing the maximum prices for frozen fruits, berries and vegetables for packers; and Maximum Price Regulation No. 409 (8 F. R. 8358), establishing the maximum prices for frozen fruits, berries and vegetables (1943 pack).

Defendant, by his answer in nature of a demurrer, asserts that the Emergency Price Control Act is unconstitutional as a whole; that even if it is not unconstitutional as a whole, Section 205(e) thereof is unconstitutional with respect to treble damages; that the Act itself does not vest the right to treble damages either in plaintiff or in the United States; that so far as concerns sales for 1943 from the 1943 pack, they do not come within the Regulation promulgated in 1942 for the 1942 pack; that the evidence on which plaintiff relies for this suit was obtained from defendant by duress, and in violation of defendant's constitutional rights; and that this action cannot be maintained, because there is no showing that the Secretary of Agriculture consented to the bringing of this suit.

In view of the decisions of the Supreme Court in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, and Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, defendant has abandoned its contention that the Emergency Price Control Act is unconstitutional, and is pressing only the following contentions, towit: (1) The Emergency Price Control Act does not vest any right in the Administrator to recover treble damages; (2) that as to the items claimed in Exhibit III attached to the Complaint, there was no ceiling price or regulation in force at the time of these transactions for the year 1943; (3) that the evidence on which this suit is based was obtained from defendant's books by compulsion, and therefore cannot be used against the defendant; and (4) that plaintiff has no right to sue without the consent of the Secretary of Agriculture, because the commodities involved are agricultural commodities.

As to defendant's first contention, we are of the opinion that it is without merit. Section 205(e), Title 50 U.S.C.A. Appendix, § 925(e) of the Act, so far as relevant to this issue, reads as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. * * *"

As we construe this section, it provides that where a person buys a commodity for use or consumption other than in the course of trade, he may bring action for damages against the overcharging seller; but that in all other cases the Administrator may bring the action against such seller.

Section 6 of the Complaint, in its allegation that "None of the purchases referred to in Paragraph 5 were made for use or consumption other than in the course of trade or business," brings this case clearly within the class of cases where the Administrator alone has the right to sue for treble damages.

This view is supported by the decision of Judge Delehant in Bowles v. Rock, D.C., 55 F.Supp. 865. To the same effect is the

166

decision of the New York Court of Appeals in Lightbody v. Russell, 293 N.Y. 492, 58 N.E.2d 208.

The defendant relies largely on Brown v. Glick Bros. Lumber Co., D.C., 52 F. Supp. 913, as supporting its contention. However, the Circuit Court of Appeals for the Ninth Circuit, in an opinion filed January 4, 1945 (Bowles v. Glick Bros., 146 F.2d 566), reversed Brown v. Glick Bros. Lumber Co., supra; and it may no longer be cited as an authority.

We shall therefore overrule this objection to the Complaint herein.

 Next, as to defendant's second contention that there was no price-ceiling regulation in force affecting frozen strawberries of the 1943 pack, mentioned in Exhibit III of the Complaint, we see no merit in this contention.

Maximum Price Regulation 207, issued August 18, 1942, and effective August 24, 1942, clearly applies to the 1943 pack up to, and including, June 15, 1943. This is clearly established by Section 1341.201 of this Regulation which reads as follows:

"On and after August 24, 1942, regardless of any contract or other obligation, no packer shall sell or deliver any frozen fruits, berries or vegetables packed after the 1941 pack at a price higher than the maximum prices established pursuant to this Maximum Price Regulation No. 207."

This Regulation remained in full force and effect until June 16, 1943, when it was in part superseded by Maximum Price Regulation No. 409. That Regulation 207 remained in full effect until June 16, 1943, is indicated by Section 5 of Regulation 409, which provides: "However, Maximum Price Regulation 207 applied to frozen products packed after the 1942 pack for which maximum prices or permitted increases are not yet provided."

Maximum Price Regulation 207 has been officially interpreted by the Office of Price Administration as follows:

"We have been advised by our Price Division that Maximum Price Regulation 207 covers all sales to June 16, 1943, and that Maximum Price Regulation 409 covers all sales made from June 16, 1943, of all of the 1943 pack."

The weight to be given to this interpretation is thus stated in Bowles v. Nu Way Laundry Company, 10 Cir., 144 F.2d 741, 746, as follows:

"* * * Moreover, since the Administrator is empowered to fix and establish prices by promulgation and adoption of appropriate regulations he is also authorized to interpret such regulations for the guidance of those amenable to the Act and regulations, and such interpretations, if not controlling, are entitled to great weight so long as they do not distort or pervert the plain intendment of the Act. Cf. Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 325, 53 S.Ct. 350, 77 L.Ed. 796."

We therefore conclude that the plain language of the Regulations in question, supported by the official interpretation of the Administrator, clearly establishes that all the items of the 1943 pack mentioned in Exhibit III, are clearly covered by Regulation 207.

 As to defendant's third contention that the evidence of its violations of the Act and the Regulations adopted thereunder, was obtained by compulsion and in violation of law, that question cannot be raised by demurrer. Nothing on the face of the complaint shows how the plaintiff obtained any evidence. This objection will be overruled.

 The defendant's fourth objection is that this suit cannot be maintained because of the lack of approval of the Secretary of Agriculture before the suit was brought, as required by Section 3(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 903(e). This objection is without merit.

We are of the opinion that the commodities involved in this case are not "agricultural commodities" within the meaning of Section 3(e) of the Act; but were, on the contrary, "commodities processed from agricultural commodities" within the meaning of Section 3(c) of the Act.

This view is in accord with the opinion of the 4th Circuit Court of Appeals, decided January 3, 1945, in Bowles v. American Brewery, 146 F.2d 842. This case also holds that the prohibition of Section 3(e) of the Act has no relation to such actions as the institution of suits under Section 205(e).

We therefore conclude that the defendant's motion in nature of a demurrer must be overruled and that the defendant be required to answer the complaint herein.