DELAWARE FLOOR PRODUCTS, Inc. v.
FRANKLIN DISTRIBUTORS,
Inc. et al.

Civ. A. 12739.

United States District Court
E. D. Pennsylvania.

Nov. 13, 1951.

Robert C. J. McKinstry, Clark, Brown, McCown, Fortenbaugh & Young, of Philadelphia, Pa., for the plaintiff.

Bellwoar & Rich, of Philadelphia, Pa., for the corporate defendant.

Nochem S. Winnett, Fox, Rothschild, O'Brien & Frankel, of Philadelphia, Pa., for the individual defendants.

DELEHANT, District Judge.

The corporate defendant in its own behalf, and the individual defendants, acting together but separately from their codefendant, move to dismiss this action on the ground that the complaint fails to state a claim upon which relief can be granted. It is true that the corporate defendant's motion also formally questions the court's jurisdiction; but the specification of defect therein goes only to the question whether the complaint asserts in the plaintiff's behalf a claim supporting the allowance of relief against the moving party. And the motion of the individual defendants denies that they are proper parties to the action. But that assertion adds no vital element to their primary contention. The motions, therefore, are to be considered as framed within Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.

Jurisdiction rests on diversity of citizenship, Title 28 U.S.C.A. § 1332(a) (1). The plaintiff, a Delaware corporation, brings the action against the defendants, a Pennsylvania corporation and two individual Pennsylvnia citizens, upon a claim manifestly exceeding in amount or value the sum of $3,000.

The complaint asserts that the corporate defendant owes the plaintiff on sundry merchandise invoices the sum of $69,695.19, which indebtedness arose between December 26, 1950 and May 17, 1951; that the individual defendants are the corporate defendant's only directors and officers and have complete control over its operations; that the individual defendants in their guidance of the corporate defendant have wrongfully and fraudulently managed the corporation and dealt with its assets, making personal withdrawal for themselves, under the guise of loans from the corporation, of cash in the sum of $31,588.61 between May 31, 1950 and March 6, 1951, paying personal obligations of the individual defendants, or one of them, with corporate funds, perverting the assets and property of the corporate defendant to the purposes of another corporation erected by them, and preferring creditors other than the plaintiff in the payment of claims.

These actions the plaintiff, on information and belief, alleges are still being pursued. While the complaint asserts that the conduct of the individual defendants is resulting in losses in the corporate defendant's business, threatens its solvency, if continued will bring bankruptcy upon it, impairs its assets available for the payment of its indebtedness, and imperils its capacity to continue in business, it does not allege that the corporate defendant is or at any material time has been insolvent. And it does not allege that the plaintiff's claim has ever been reduced to judgment or sued upon at law or that it is an admitted or acknowledged debt with no offsets. The plaintiff prays for injunctive relief against the further disposition or diversion by the individual defendants of the corporate defendant's assets, the appointment of a receiver for the assets and property of the corporate defendant with directions for the receiver's action for the recovery of the money and other property of the corporate defendant by the individual defendants wrongfully secured and withdrawn from it; and general equitable relief.

Neither in their oral arguments nor in their briefs have counsel discussed the very important procedural question which logically precedes the consideration of the ultimate issue of the plaintiff's right to any relief. That question has to do with the circumstances in which a motion under Rule 12(b) (6) to dismiss for failure to state a claim supporting relief, may appropriately be granted. The test for its allowance is very strict; and it must be administered without too much deference to the impatience of moving parties who insistently seek to obtain immediately relief to which they may be firmly persuaded, or actually know, they must eventually be entitled.

And, first, in the practice in this court, there is no such thing as a general demurrer. In other words, Rule 7(c) means what it says, an occasional vagrant judicial observation to the contrary notwithstanding. And the motion to dismiss for failure to state a claim on which relief can be granted is not the alter ego of, or a substitute for, the demurrer. The two pleadings are severally rooted in widely divergent understandings of the office of pleading. A demurrer assumes the duty of the challenged pleading to allege facts sufficient, if true, to constitute a cause of action or a defense, as the case may be. A motion to dismiss under Rule 12(b) (6) recognizes that the pleading of such facts is unnecessary; and it will not lie, unless, within the framework of the challenged complaint, as liberally construed in favor of its maker, it is inconceivable that evidence might be adduced warranting the allowance to him of any relief whatsoever.

So, it has been recognized and held that a complaint must not be dismissed in pursuance of a motion of the character of those now before the court without a hearing on the merits unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, rehearing denied, 3 Cir., 152 F.2d 753; Pierce Butler Radiator Corp. v. Luongo, D.C.Pa., 87 F.Supp. 56; Fry v. Schumaker, D.C.Pa., 83 F.Supp. 476; Equitable Life Assurance Soc. of United States v. Saftlas, D.C.Pa., 35 F.Supp. 62; Rosenberg v. Cohen, D.C.Pa., 9 F.R.D. 328; Bowles v. Sunshine Packing Corp., D.C. Pa., 5 F.R.D. 282; Sheppard v. American Dredging Co., D.C.Pa., 77 F.Supp. 73; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865; United States v. Arkansas Power & Light Co., 8 Cir., 165 F.2d 354; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; Andrews v. Heinzman, D.C.Neb., 8 F.R.D. 48; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510; United States v. Thurston County, Nebraska, D. C.Neb., 54 F.Supp. 201, affirmed 8 Cir., 149 F.2d 485, certiorari denied 326 U.S. 744, 66 S.Ct. 58, 90 L.Ed. 444, rehearing denied 326 U.S. 808, 66 S.Ct. 138, 90 L.Ed. 493.

To that general rule, variously stated and often repeated, emphasis is added by observations from some of the cited decisions. It is held to be effective

no matter how likely it may seem that the plaintiff will be unable to prove his claim, Frederick Hart & Co. v. Recordgraph Corp., supra. On such a motion the trial court should not determine grave constitutional questions if there is a reasonable likelihood that the production of evidence will make the answer to the questions clearer, Picking v. Pennsylvania R. Co., supra. Every intendment favorable to the plaintiff must be indulged. Tahir Erk v. Glenn L. Martin Co., supra.

The justification for the narrow appraisal, thus supported, of a motion to dismiss lies in the general thought, which permeates the entire body of Federal Rules of Civil Procedure, that, where it is reasonably possible, final judgments of trial courts should be based upon the facts as definitively established rather than on preliminary pleadings alone. Within that program appellate rulings are more often finally dispositive of litigation, and successive and fragmentary appeals are measurably intercepted. In part, therefore, the course pursued is rooted in considerations of practical judicial administration. But justification aside, it is with the attitude already suggested that the court must and does approach the ruling upon the motions to dismiss.

It may be acknowledged that by earlier standards the complaint would probably have fallen before a general demurrer. It is highly tentative and indecisive in many of its averments and, strictly appraised, can hardly be considered to allege facts sufficient to constitute a cause of action. But, whether within its framework facts may be proved warranting any relief to the plaintiff is quite another matter. If that question be answered affirmatively the motions are not well taken.

Counsel for the defendants have aimed their arguments supporting their motions principally at the plaintiff's prayer for the appointment of a receiver over the corporate defendant. And, chiefly upon the authority of Pusey & Jones v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; see also Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct.

142, 77 L.Ed. 355 cited by plaintiff; and Orth v. Transit Inv. Corp., 3 Cir., 132 F.2d 938, they argue that the plaintiff, being a simple unsecured creditor of the corporate defendant, which has not reduced its claim to judgment or otherwise proceeded at law upon it, has no standing in a district court of the United States upon which it may demand the appointment of a receiver. The plaintiff's counsel in effect contends (a) that though in harmony with an asserted indefensible hesitance on the part of the federal courts to claim and exercise jurisdiction in cases where it could be avoided on procedural grounds, the first two of the cases just cited were mistakenly decided even as the law stood at the times of their determination; and (b) that in any event the basis of their ruling is no longer valid in the light of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; that in its recognition and following of the Pusey case, despite the intervention of the Erie Railroad Company ruling, the Orth case is "unclear" and, as the argument implies, erroneous; and that by the general law of Pennsylvania, as well as under its Uniform Fraudulent Conveyance Act, 39 P.S. § 351 et seq., the plaintiff has, and in its complaint alleges, a substantive right to equitable relief, which this court must recognize and grant. In the last connection it points to the intimation, in Shapiro v. Wilgus, supra, to the effect that the Uniform Fraudulent Conveyance Act may have relaxed in the courts of the states adopting it the rule denying the right to the appointment of a receiver to a creditor who has not reduced his claim to judgment and exhausted his remedy at law.

The plaintiff supports the assertion of his right, under Pennsylvania's law and in its courts, to a receivership, as well as to other equitable relief, by several Pennsylvania authorities whose factual applicability the defendants challenge. And, denying that the allowability of a receivership is, as it was declared in Pusey & Jones v. Hanssen, supra, to be, a matter of procedure governed in this court by federal rules and statutes, rather than by the domestic law of the state in which a controversy arises, it points to the discussion in Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89

L.Ed. 2079 and Angel v. Bullington, 330 U. S. 183, 67 S.Ct. 657, 91 L.Ed. 832, and contends that the same relief must be available here which it could obtain in Pennsylvania's courts.

It has to be remembered finally that the plaintiff does not limit its demand or prayer to the appointment of a receiver. It asks for injunctive relief against the further financial enfeeblement by the individual defendants of their corporate co-defendant and for general equitable relief. The pending motions may not be granted if under any factual situation provable under the complaint it may be entitled to any part of the relief which it thus seeks.

To the writer of this memorandum it seems gravely doubtful whether the plaintiff will be able to establish such inadequacy of legal remedy as to admit it in its present position to equitable protection. But that is not enough to warrant the granting of the motions. The doubt must mature into a virtual certainty touching the untenability in all respects of the plaintiff's position. And in the light of the language of the Uniform Fraudulent Conveyance Act and of the want of absolute finality lurking in the use of the adverbs "generally" and "ordinarily" in the denial of equitable relief in McDougall v. Huntingdon & Broad Top M. R. & Coal Co., 294 Pa. 108, 143 A. 574, to a creditor who has not exhausted his legal remedies, the plaintiff's complete destitution of right to any equitable relief whatsoever in Pennsylvania's courts can hardly be said to be placed beyond question.

Whether any such right exists, whether, if it does the rule of Pusey & Jones v. Hanssen, supra, survives Erie Railroad Company v. Tompkins, supra, to deny its vindication in the Federal district court, whether, in fact, the thought of Pusey & Jones v. Hanssen, supra, extended and still extends to every kind and phase of equitable relief as well as to the appointment of a receiver, are questions which, by the teaching of Picking v. Pennsylvania R. Co., supra, should prudently be left to the development of the facts upon trial (or, as was pointedly suggested in the Picking opinion, through discovery) rather than summarily decided in a preliminary ruling on pleadings, which, if erroneously adverse to the plaintiff, would probably result in multiple appeals. The decision on the facts, once made and reviewed, will be final.

The motions are being denied.